**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul C. GREINER, Defendant–Appellant.**

**No. 05–30342.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 3, 2006.

Filed Aug. 8, 2007.

Lori Harper Suek, Esq., Marcia Good Hurd, Esq., Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Lynn T. Hamilton, Esq., Hamilton Law Office, PC, Mesa, AZ, for Defendant–Appellant.

Before: NOONAN and W. FLETCHER, Circuit Judges, and POLLAK,* District Judge.

**MEMORANDUM**

Defendant-appellant Paul Greiner was convicted by a jury of receiving and possessing child pornography in violation of 18 U.S.C. § 2252. On appeal, he challenges the District Court's denial of his motion to suppress evidence gathered from (1) his employer's remote monitoring of his workplace Internet activity and (2) the

---

* The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

subsequent search of his office computer by the FBI. For the reasons given below, we affirm.

Greiner contends that his employer's remote monitoring of his workplace Internet activity violated his Fourth Amendment rights. As we have previously noted, "privacy expectations may be reduced if the user is advised that information transmitted through the network is not confidential and that the systems administrators may monitor communications transmitted by the user." *United States v. Heckenkamp,* 482 F.3d 1142, 1147 (9th Cir.2007). The warning banner confronting Greiner every time he logged onto his computer gave him ample reason to be aware that his stored files and internet usage were subject to monitoring by his employer and disclosure to law enforcement personnel, and that by using the computer he was deemed to have consented to such monitoring and disclosure. Thus, Greiner lacked a legitimate expectation that his internet activity would remain private from his employer.

Greiner also contends that his Fourth Amendment rights were violated when the FBI conducted a warrantless physical search of the workplace computer located in his office. It is well established that the government may obtain valid permission for a search from a third party who possesses common authority over the "effects sought to be inspected." *United States v. Matlock,* 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *see also United States v. Davis,* 332 F.3d 1163, 1169–70 (9th Cir. 2003). Because Greiner knew that his employer had administrative access to his computer and engaged in routine monitoring of his internet activity, Greiner "could not reasonably have expected that the computer was his personal property, free from any type of control by his employer." *United States v. Ziegler,* 474 F.3d 1184, 1192 (9th Cir.2007); *cf. United States v.*

*Taketa,* 923 F.2d 665, 669 (9th Cir.1991) (concluding that employer consent was not valid because employee had a reasonable expectation of privacy in his office and had not consented to his employer's videotaping of that office). Through acquiescence in his employer's established computer-use policy, Greiner had consented that his employer might permit his office, and the workplace computer within that office, to be searched. *Cf. id.* at 1191 ("Common authority to authorize a search rests upon the premise that one '[has] assumed the risk that one of [his] number might permit the common area to be searched'" (quoting *Matlock,* 415 U.S. at 171 n. 7, 94 S.Ct. 988)). The record indicates that Greiner's employer gave permission to the FBI to search his office and the computer therein. Thus, the FBI search did not violate Greiner's Fourth Amendment rights.

**AFFIRMED.**